### RIES v. BANK.

ATTACHING CREDITOR CANNOT BY INJUNCTION PREVENT SALE OF REAL ESTATE BY ASSIGNEE.

> Where an assignee for the benefit of creditors, obtains a judgment and order in the probate court to subject the real estate of the assignor under the insolvent laws of the state, in an action in which all parties in interest are properly before the court, an attaching creditor, whose levy was made upon the debtor's equity of redemption in such real estate, prior to the assignment, cannot by injunction prevent the sale of the attached real estate by the assignee.

ERROR to the common pleas court of Darke county.

The action below was brought by the *Farmers' and Merchants' State Bank of Muscatine, Ia.,* v. *Samuel M. Gray*, upon a transcript of judgment rendered in the local courts of that state.

Ries v. Bank.

An attachment, on the ground of the debtor's non-residence in Ohio, was issued and levied upon certain real estate in the city of Greenville.

Service of process was attempted to be made upon Gray and thereafter judgment was rendered in the action.

Upon motion, the judgment was vacated upon the ground of irregularity in the service, and leave was given the plaintiff below to complete service.

On April 15, 1895, five days after the commencement of the attachment suit and seizure of the real estate by attachment, a deed of assignment under the insolvent laws of Ohio, executed by Gray, the attachment debtor of Ries, the plaintiff in error, conveying the attached real estate, was filed in the probate court of Darke county, Ohio.

At the time of the levy of the attachment, there existed upon the real estate attached two mortgages, which together with the inchoate right of dower of the debtor's wife, constituted superior incumbrances.

Subsequent to the attachment and previous to the assignment a third mortgage was placed upon the record.

On April 19, 1895, Ries, the assignee, commenced an action in the probate court of said county to sell the real estate assigned. In this action the assignee, his wife, all the mortgagees and other parties in interest, including the Farmers' and Merchants' state bank, were made defendants.

Service was made against the defendant in error by publication.

The other defendants named in the probate court waived process and consented to the sale of the real estate in that action.

On June 19, following, service against the bank being complete and the bank having made default, the probate court proceeded to a hearing upon the petition, and ordered the sale of the real estate by the assignee as provided in the assignment act.

On June 26, the defendant in error, filed in the attachment case a supplemental petition to enjoin the assignee from attempting to make any sale or conveyance of the real estate.

A provisional injunction having been granted and served upon the assignee, a motion was filed by him for the dissolution of the injunction upon the ground that the probate court had obtained jurisdiction of the sale, which motion was overruled.

The facts, as stated, were embodied in the motion and incorporated in a bill of exceptions taken upon the hearing.

ALLREAD, J.

It has been settled by the supreme court, that error may be prosecuted to an order refusing to dissolve a temporary injunction. *Burke* v. *Railway Co.*, 45 O. S., 631.

The question is, therefore, one of conflict of injunction. There is no doubt that by the commencement of the action in the probate court, by the assignee against all parties in interest, if not indeed from the qualification of the assignee, the probate court was invested with full and ample jurisdiction of the sale of the real estate unless prior to the filing of such deed and qualification of such assignee, the common pleas court had obtained such jurisdiction.

This brings us to the important question: What jurisdiction did the common pleas acquire by the attachment proceedings?

The action below was for money. The attachment proceedings were auxiliary merely.

The main case, namely, the money demand, must be tried free from complicated issues made by third parties as to their rights to the property seized in the auxiliary proceedings. *Gates* v. *Penn. Land & Lumber Co.*, **6** Circ. Dec., 163.

Upon the termination of the action by a judgment, the creditor may enforce his attachment levy by a sale of the attached property. If, however, the property was incumbered at the time of the levy by mortgages or liens, other than attachments provided for in section 5559, Revised Statutes, the property cannot be sold upon the attachment levy without an action. Section 5464, Revised Statutes; *Baird* v. *Kirtland*, 8 Ohio, 23; *Seymore* v. *King*, 11 Ohio, 342; *Stone* v. *Strong*, 42 O. S., 53–55.

The mortgages cannot properly intervene in the attachment case. This was distinctly held in the case of *Endel* v. *Seibrock*, 33 O. S., 234. There the mortgagee became a party in the attachment case and filed a cross-petition to foreclose his mortgage. It was said that such practice was not proper, and that no jurisdiction to foreclose the mortgage could be obtained unless the proper steps were taken as in an independent action to secure such jurisdiction.

It must, therefore, be apparent that the common pleas in the case below did not have full jurisdiction of the sale of the real estate of Samuel Gray at the time of the qualification of the assignee.

Such attachment creditor could only acquire such jurisdiction after judgment, by an independent action, or by a supplemental proceeding having the same effect.

The probate court having first acquired jurisdiction to administer full and complete relief, was entitled to proceed.

This principle is established by the authority of *Dwyer* v. *Garlough*, 31 O. S., 159. The mortgagee was entitled to foreclose his mortgage in the common pleas because the probate court did not then have jurisdiction to bar the contingent right of dower of the assignor's wife. The court of common pleas alone could administer full relief.

There is another ground upon which the injunction ought to have been dissolved. The plaintiff below had an adequate remedy at law. It was its duty to defend in the action in the probate court.

At the time the supplemental petition for injunction was filed in the court below, it could have moved during the judgment term to set aside the judgment of the probate court, if taken without actual notice, or if any ground existed which prevented it from defending before judgment.

We do not think that a party properly notified by publication, or otherwise, in an action in a court having jurisdiction of the subject matter, can ignore the judgment rendered therein, and have a court of equity enjoin its enforcement.

The court of common pleas erred in overruling the motion to dissolve the temporary injunction.

Judgment reversed, motion sustained and temporary injunction dissolved.

*Devor & Devor*, for **Plaintiff in Error**.

*Knox, Maris & Rupe, contra.*